21528. CATES *et al.*, Executors, v. CATES *et al.*

Submitted January 9, 1962—Decided February 9, 1962.

*Perry, Walters & Langstaff, H. H. Perry, Jr., Eugene C. Black,* for plaintiffs in error.

*S. B. Lippitt,* contra.

Mobley, Justice. This writ of error is from a ruling of the trial judge on the same will and record as that in the case of *Cates v. Cates, ante.* The exception here is to the judgment of the trial court construing Item X of the will of Russell R. Cates in the following manner: "(8) Subject to the payment from income of $50.00 a month to the testator's mother and such other amount as the trustees find necessary for her general health and to the payment of expenses resulting from any illness or physical impairment of testator's wife and any accumulation of income which the trustees may deem proper for this purpose, (the trust payments due testator's secretary, Mrs. Paul, having been settled by agreement by the purchase of an annuity) the testator's brothers and sisters are entitled, under a proper construction of the will, to have the remaining income, if any, divided between

them," and to the order: "Further, it is ordered that the defendants as trustees of the residuary trust pay income to the brothers and sisters of the testator in accordance with the finding and ruling set forth in Paragraph (8) hereof."

The will, after creating a marital trust of one half of the testator's property with his widow as beneficiary, created a residuary trust in which the testator put the remainder of the property, with certain deductions, with defendants in error, named brothers and sisters, as beneficiaries.

The question for decision here is whether the brothers and sisters are entitled to the income from the residuary trust, subject to certain trusts in favor of the testator's mother, secretary and wife, from the date of the testator's death or only after the date of the death of the testator's wife.

The following provisions (eliminating unimportant language) are material to a determination of the question.

"Item VIII if my wife survives me, all of the . . . remainder of my property . . . I give . . . to the Trustees . . . [to] hold, manage . . . and . . . pay over the income therefrom as follows: . . . (b) To my mother, Mrs. G. E. Cates Pitt . . . Fifty Dollars . . . a month . . . and, in addition . . . my Trustees are authorized to pay from the net income or. . . . corpus . . . such sums as may be necessary to provide for my mother's general health or any illness . . . (c) Two Hundred and Fifty Dollars . . . to Mrs. Florence Paul until . . . she remarries . . . (d) my trustees, subject to the payment of the . . . monthly payments to my mother and Mrs. Paul, shall at all times maintain and/or accumulate a sufficiency of money to provide for any illness or physical impairment . . . suffered by my wife, and in the case of such illness or physical impairment, the trustees are authorized to spend such sums from the income and/or corpus as may be necessary to provide for adequate treatment or hospitalization for my wife.

"Item X. Upon the death of my wife, or should my wife predecease me or in the event of a common disaster . . . I direct that my trustees continue . . . in force . . . the trusts . . . in Item VIII, . . . (b) and (c), concern-

ing my mother and secretary, until such trusts have been . . . terminated in keeping with the provisions made therein. . . .

"Subject to the above enumerated trusts . . . I desire . . . that my executors continue to hold my entire estate in trust for . . . or at least five . . . years from the date of my death and *pay the net income therefrom, after the payment of the two trusts, equally, share and share alike* . . . to my brothers and sisters. . .

"Upon the termination of the five . . . year period . . . , in the event that the two trusts created in Item VIII . . . (b) and (c), have not . . . terminated, I direct that my Executors *continue to pay to my living brothers and sisters the net income from my estate,* after payment of the two trusts . . . share and share alike . . . until the two trusts have . . . terminated.

"Item XI. Upon the termination of all trusts created by this will and after five . . . years have elapsed from the date of my death, I direct my executors to divide or liquidate my . . . estate and . . . convey one share each, . . . share and share alike . . . to my living brothers and sisters." (Italics ours.)

We are of the opinion that the testator intended that the net income from the residuary trust was to be paid to the brothers and sisters (subject to the trusts in favor of his mother and secretary) from the date of his death until the distribution of the corpus of the trusts.

In any event—death of the wife, her predeceasing him, or dying in a common disaster—he wanted the trust for his mother and for his secretary to continue until terminated by their death, and for the residuary trust to be held intact and the corpus not distributed to the brothers and sisters until the trusts in favor of the mother and secretary terminated. He went further and used this language, "I desire and direct that my executors *continue* to hold my estate in trust for a period of five years from the date of my death and *pay the net* income therefrom, after payment of two trusts (mother and secretary) to my brothers and sisters." He then goes further and says that, upon the termination of the five-year period above specified, in the event

640

the two trusts have not been fully completed and terminated, "I direct that my executors *continue to pay* the net income to my brothers and sisters." (Italics ours.)

It seems very clear from this language that he wanted the trust held together as long as his mother and secretary lived and that during that time the net income, after payment of the two trusts, paid to his brothers and sisters. He also directed that (Item VIII d) the trustees maintain and accumulate sufficient money from the income of the residuary trust to provide expenses for any illness or physical impairment his wife might suffer. The significance of this on the question of whether he intended the net income to go to his brothers and sisters from the date of his death is that, only in case the net income was being paid to the brothers and sisters, would there be any necessity to accumulate, for otherwise all of the income, except payments to mother and secretary, would have been available to take care of his wife's illness. He further authorized his trustees to encroach on the corpus to pay expenses of his wife's illness, thus it was not necessary to preserve the income from the trust to take care of her illness. This lends further credence to the fact that he intended the income to be paid out to his brothers and sisters.

The court properly construed the will, and the exception to the judgment ordering the trustees of the residuary trust to pay the income therefrom to the brothers and sisters of the testator, in accordance with the court's findings in paragraph (8) of the order, is without merit.

*Judgment affirmed. All the Justices concur.*